ERNIE ZACHARY PARK, State Bar #82616
BEWLEY, LASSLEBEN & MILLER, LLP
13215 E. Penn Street, Suite 510
Whittier, CA 90602-1797
(562) 698-9771; (562) 309-8063 Fax
Ernie.park@bewleylaw.com

Attorneys for Defendant/Cross-Complainant
THE IRVINE COMPANY LLC

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>D.B.A. DIANE'S INCORPORATED, a California corporation<br><br>Debtor.<br><br>TIMOTHY J. YOO, Chapter 7 Trustee<br><br>Plaintiff<br><br>v.<br><br>THE IRVINE COMPANY LLC<br><br>Defendant<br><br>THE IRVINE COMPANY LLC, a Delaware limited liability company,<br><br>Cross-Complainant<br><br>v.<br><br>LINDA D. BIGGS; Does 1-20, inclusive<br><br>Cross-Defendant. | CASE NO. 2:20-bk-16811-BR<br><br>Chapter: 7<br><br>Adv. No.: 2:21-ap-01015-BR<br><br>CROSS-CLAIM FOR BREACH OF GUARANTY AGREEMENT |

Defendant and cross-complaint allege as follows:

JURISDICTION AND VENUE

1.      This claim arises out of the adversary proceeding brought the Chapter 7 Trustee against it. As such, this court has jurisdiction over the subject cross-claim brought by the defendant and cross-claimant.

Cross-Claim of The Irvine Company                              1

2.   Venue is proper with this court in that it arises out of an adversary proceeding properly with this court.

# FIRST CLAIM FOR RELIEF
# FOR BREACH OF GUARANTY

3.   Cross-Claimant is, and at all times herein relevant has been, the owner of that certain property located at 920 Avocado Ave., Newport Beach, California (the "Premises").

4.   The true names and capacities of cross-defendants Does 1 through 20, inclusive, are unknown to cross-claimant, who therefore sues said cross-defendants by such fictitious names pursuant to Code of Civil Procedure §474.  Each of said cross-defendant does is responsible in some manner for the events herein referred to and caused injury and damages proximately thereby to cross-claimant as hereinafter alleged.  Cross-Claimant will amend this cross-claim to show the true names and capacities when the same have been ascertained.

5.   Cross-Claimant is further informed and believes, and thereon alleges, that at all times herein mentioned each of the cross-defendants sued herein was the agent, servant and employee of his co-cross-defendants and in so doing the things hereinafter alleged, was acting within the scope of its authority as such agent, servant, and employee and with the permission and consent of his co-cross-defendants.

6.   On or about January 22, 1999, cross-claimant and the cross-defendant entered into a written agreement (the "Lease") under the terms of which said cross-defendant would rent from cross-claimant the Premises.

7.   Subsequent to the formation of the Lease, cross-defendant assigned the Lease and executed a written guaranty (the "Guaranty") under the terms of which she agreed to guaranty the obligations of the tenant under the Lease.

8.   In the principal action filed in this matter, plaintiff contends that certain payments constitute a preference and require disgorgement by the defendant.  While defendant

denies said claims of plaintiff, should plaintiff prevail therein, then any amount required to be disgorged by defendant would be immediately due and owing by cross-defendants herein, and each of them.

9. Cross-Claimant is informed and believes and thereon alleges that cross-defendant denies that she owes said amounts to cross-claimant. Said denial constitutes a breach of the Guaranty.

10. Cross-Claimant has performed all terms and conditions required of it to be performed under the Guaranty except those which may have been excused by virtue of the breach of cross-defendants, and each of them.

11. As a proximate result of the breach of the Guaranty by cross-defendants, and each of them, plaintiff has been damaged in a sum not presently ascertained but which will be established at time of trial.

12. A provision of the Guaranty provides for the allocation of reasonable attorney's fees and costs in the event it becomes necessary to initiate legal action to enforce one of the terms of the Lease. Cross-Claimant has been compelled to engage the law firm of Bewley, Lassleben & Miller to represent it in this matter and is thereby entitled to said attorney's fees and costs.

WHEREFORE, cross-claimant prays judgment against cross-defendants, and each of them, as follows:

1. For compensatory damages according to proof at time of trial;
2. For reasonable attorney's fees;
3. For costs of suit herein incurred; and
4. For such other and further relief as the court deems just and proper.

BEWLEY, LASSLEBEN & MILLER

By: _____
Ernie Zachary Park,
Attorney for Defendant/Cross-Claimant

Cross-Claim of The Irvine Company    3