PETER T. STEINBERG, SBN 96834
STEINBERG, NUTTER & BRENT, LAW CORP.
23801 CALABASAS ROAD, SUITE 2031
CALABASAS, CA 91302
TELEPHONE 818-876-8535
TELECOPIER 818-876-8536
EMAIL mr.aloha@sbcglobal.net

*Attorneys for*: Cross-Defendant, LINDA D. BIGGS

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>D.B.A. DIANE'S INCORPORATED,<br><br>a California corporation,<br><br>Debtor.<br><br>---<br><br>TIMOTHY J. YOO, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>THE IRVINE COMPANY LLC,<br><br>Defendant.<br><br>---<br><br>THE IRVINE COMPANY LLC, a Delaware limited liability company,<br><br>Cross-Complainant,<br><br>vs.<br><br>LINDA D. BIGGS; Does 1-20, Inclusive,<br><br>Cross-Defendant. | Case No. 2:20-bk-16811-BR<br>Chapter 7<br><br>Adv. No. 2:21-ap-01015-BR<br><br>**ANSWER OF CROSS-DEFENDANT LINDA D. BIGGS TO CROSS-CLAIM FOR BREACH OF GUARANTY AGREEMENT FILED BY CROSS-COMPLAINANT THE IRVINE COMPANY LLC**<br><br><u>HEARING</u><br>Date:   October 12, 2021<br>Time:   1:00 p.m.<br>Place:  Courtroom 1668<br>        255 E. Temple Street<br>        Los Angeles, California 90012 |

---

ANSWER OF CROSS-DEFENDANT LINDA D. BIGGS TO CROSS-CLAIM FOR BREACH OF GUARANTY AGREEMENT

1

COMES NOW, Cross-Defendant Linda Diane Biggs (hereinafter "Biggs") and answers the Cross-Complaint herein by admitting, denying and affirmatively alleging as follows:

1. Responding to paragraphs 1 and 2 of the Cross-Complaint (hereinafter "the CC"), Biggs does not believe that jurisdiction or venue are technically and legally proper, as the Debtor is not a named party within the CC; but Biggs does not object to the Honorable Court's jurisdiction and/or venue.

## FIRST CLAIM FOR RELIEF

2. Responding to paragraphs 3, 4, 5, of the CC, Biggs has no information and/or belief sufficient to allow her to respond to the said allegations of the CC, and based on such lack of information/belief, denies the same.

3. Responding to paragraphs 6 and 7 of the CC, but denying all liability, Biggs is informed and believes that such allegations are true and correct, subject to amendment.

4. Responding to paragraph 8 of the CC, Biggs is informed and believes that the Plaintiff in this adversary claims "preferences" made by Debtor to Cross-Claimant, and that the same are subject to claw back or disgorgement. However, Biggs denies that Plaintiff's preference and avoidance claims are sustainable, and denies any duty, legal or otherwise, to pay to Cross-Claimant any monies Cross-Claimant may decide to pay to Plaintiff.

5. Responding to paragraph 9, Biggs denies that she has any obligation to Cross-Claimant to admit liability or damages, and reiterates that her denial is proper and not a breach of contract. Biggs further states and alleges that if Cross-Claimant wrongfully admits liability to Plaintiff, then Bigs has no duty to indemnify Cross-Claimant.

6. Responding to paragraphs 10 and 11, Biggs denies that Cross-Claimant has performed all required terms and conditions of the guaranty, and denies her own alleged breach

of the guaranty, and denies liability to Cross-Claimant.

7. Responding to paragraph 12, Biggs denies that she has any liability to Cross-Claimant for attorney's fees, and alleges that Cross-Claimant has prematurely brought this cross-action, and that Cross-Claimant has not properly maintained a defense to Plaintiff's main action, and that either Cross-Claimant should bear its own attorney's fees, or the Plaintiff should be responsible for Cross-Claimant's attorney's fees for wrongfully prosecution of the main action herein.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

### **(Numerous Bankruptcy Related Defenses)**

8. Plaintiff's main action herein against Cross-Claimant is subject to numerous affirmative defenses which, if properly prosecuted by Cross-Claimant in answer and defense to Plaintiff's Complaint, will exonerate Cross-Claimant from liability and damages to Plaintiff, which should be applicable to Biggs' defense to Cross-Claimant's CC herein. These defenses are that Debtor's contested payments to Cross-Claimant were: 1) not on account of antecedent debt; and/or 2) were made in the "ordinary course" of Debtor's and Cross-Claimant's business relationship; and/or 3) were made for "equivalent value," and/or 4) said payments were and are shielded by virtue of 11 U.S.C. § 547(j) from claw back; 5) said payments from Debtor to Cross-Claimant are shielded from claw back because the funds (rent) paid to Cross-Claimant by Debtor were sourced from a Payment Protection Plan loan to Debtor, and said funds not from Debtor's estate.

Biggs pleads that any or all of the above defenses by Debtor should insure to Cross-Claimant's benefit and exonerate Cross-Claimant, and thereby Biggs, from liability as a

defending party herein.

## SECOND AFFITMATIVE DEFENSE

### (Cross-Claimant's Actions)

9. Biggs maintains and alleges that Cross-Claimant is required to proceed in good faith and to allege any and all affirmative defenses it has against Plaintiff's Complaint. Failure to do so should exonerate Biggs from any liability herein.

## THIRD AFFIRMATIVE DEFENSE

### (Plaintiff's Complaint Unmeritorious)

10. Biggs maintains that Plaintiff's Complaint is unmeritorious and improperly prosecuted without reasonable investigation. As such, Biggs further maintains that Plaintiff should be required to pay any and all attorney's fees and costs incurred by Cross-Claimant and Biggs herein.

## FOURTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

11. This litigation is in its embryonic state, and Biggs reserves the right to obtain leave of Court to assert other and further affirmative defenses when the same become apparent to Defendant, as this adversary gestates.

## FIFTH AFFIRMATIVE DFENSE

### (Failure To State A Claim)

12. Cross-Claimant's Cross-Claim, and the sole claim therein, fails to set forth a meritorious claim against Biggs, and should thereby be dismissed, with no recovery to Cross-Claimant.

\\\

WHEREFORE, Biggs prays for judgment as follows:

1. That Cross-Claimant have no recovery whatsoever.

2. That Cross-Claimant's CC be dismissed with prejudice.

3. That the Honorable Court require Plaintiff and Cross-Complainant to bear their own attorney's fees and costs, and to bear Biggs' attorney's fees and costs, as appropriate and/or proportionately.

4. For such other and further relief as this Honorable Court may award at trial or other adversary related hearing.

DATED: AUGUST 18 2021

STEINBERG, NUTTER & BRENT,
LAW CORPORATION

BY: PETER T. STEINBERG
Attorneys for Cross-Defendant,
Linda D. Biggs

[answer to complaint]

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Steinberg, Nutter & Brent, Law Corporation, 23801 Calabasas Road, Suite 2031, Calabasas, CA 91302**

A true and correct copy of the foregoing document entitled (*specify*): _____**ANSWER OF CROSS-DEFENDANT LINDA D. BIGGS TO CROSS-CLAIM FOR BREACH OF GUARANTY AGREEMENT FILED BY CROSS-COMPLAINANT THE IRVINE COMPANY LLC**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On __**8/18/2021**__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Todd M Arnold    tma@lnbyb.com
Ernie Zachary Park    ernie.park@bewleylaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Timothy Yoo (TR)    tjytrustee@lnbyb.com, tjy@trustesolutions.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On __**8/18/2021**__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Attorneys for Plaintiff** | **Attorneys for Defendant and Cross-Complainant** | **Judge** |
|---|---|---|
| Todd M. Arnold, Esq.<br>Levene, Neale, Bender, Yoo & Bull, LLC<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, CA 90067 | Ernie Zachary Park, Esq.<br>Bewley Lassleben & Miller<br>13215 E. Penn Street, #510<br>Whittier, CA 90602 | Honorable Barry Russell<br>United States Bankruptcy Court<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1660<br>Los Angeles, CA 90012 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/18/2021 | Marisela Becerra | /s/ Marisela Becerra |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                        **F 9013-3.1.PROOF.SERVICE**